# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JAMES E. GREENE,                :

                                  :

          Plaintiff,          :     Civil Action No.:     05-0407 (RMU)

                                  :

          v.               :     Document No.:     7

                                  :

HUNG V. NGUYEN and         :

ADRIENNE CHUTE,           :

                                  :

          Defendants.      :

## MEMORANDUM OPINION

### GRANTING THE DEFENDANTS' MOTION TO DISMISS

## I.   INTRODUCTION

This matter comes before the court on the defendants' motion to dismiss for lack of subject matter jurisdiction.  The plaintiff filed the instant action against Hung V. Nguyen ("Nguyen") and Adrienne Chute ("Chute") on January 26, 2005, in the Superior Court for the District of Columbia, for defamation and false light invasion of privacy.  The defendants removed the action to this court based on federal question jurisdiction and subsequently filed a certification, substituting the United States for the individual defendants.  Because the court concludes that the United States is properly substituted for Nguyen and Chute as the sole defendant, and because the United States has sovereign immunity against the plaintiff's claims, this court lacks subject matter jurisdiction and accordingly grants the defendants' motion to dismiss.

## II.   BACKGROUND

Defendant Nguyen, the plaintiff's supervisee at the United States Department of

Education, filed a grievance against the plaintiff alleging that the plaintiff had sexually harassed

him.  Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Def.'s Reply"), Ex. 1 ("Informal

Dispute Resolution Center Intake Form" or the "grievance"); *see also* Compl. ¶¶ 1, 4.  Defendant

Chute, a shop steward with the American Federation of Government Employees, AFL-CIO Local

2607 (the "Union"), represented Nguyen in the grievance proceedings.  Not. of Removal ¶ 4; *see*

*also* Pl.'s Opp'n at 3.  The plaintiff alleges that during the grievance proceedings, Nguyen and

Chute made defamatory remarks about the plaintiff's sexual conduct.  Compl. at 1.  The plaintiff

then filed suit against Nguyen and Chute in the Superior Court for the District of Columbia

("Superior Court") alleging defamation and false light invasion of privacy.  *See generally* Compl.

The United States Attorney's office then certified, pursuant to the Federal Employees Liability

Reform and Tort Compensation Act of 1988 (the "Westfall Act"), that the defendants' alleged

conduct took place within the scope of their employment with the federal government.  Defs.'

Mot. to Dismiss ("Defs.' Mot."), Ex. 1.  On February 25, 2005, the defendants removed the

action to this court on the basis of federal question jurisdiction.  Not. of Removal at 1.  After

removing the action from the Superior Court, the defendants filed a motion to dismiss for lack of

subject matter jurisdiction based on sovereign immunity.  *See generally* Defs.' Mot.

### III.   ANALYSIS

#### A.   Legal Standard for a Motion to Dismiss

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies

outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

(1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *see also Gen.*

*Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) (noting that "[a]s a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction").

Because "subject-matter jurisdiction is an 'Art. III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxite de Guinea*, 456 U.S. 694, 702 (1982)).  On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  The court may dismiss a complaint for lack of subject-matter jurisdiction only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Empagran S.A. v. F. Hoffman-Laroche, Ltd.*, 315 F.3d 338, 343 (D.C. Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Because subject-matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim.  *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).  Moreover, the court is not limited to the allegations contained in the complaint.  *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987).  Instead, to determine whether it has jurisdiction over the claim, the court may consider materials outside the pleadings. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

**B.    Legal Standard for Immunity of Federal Officers Under the Westfall Act**

The Westfall Act confers immunity on federal employees "by making [a Federal Tort Claims Act ("FTCA")] action against the Government the exclusive remedy for torts committed by Government employees in the scope of their employment."  *United States v. Smith*, 499 U.S. 160, 163 (1991); 28 U.S.C. § 2679(b)(1).  The statute provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1).  In a case where the Attorney General, or by designation the United States Attorney in the district where the claim is brought, files a certification that the original defendant was acting within the scope of his or her employment, such certification has the following consequences: (1) if the suit originated in state court, then the Attorney General or his or her designee is required to remove it to federal court; (2) the United States shall be substituted as the sole defendant; and (3) if the plaintiff has not brought suit pursuant to the FTCA, the suit converts to one against the United States under the FTCA.  28 U.S.C. § 2679(d)(2); 28 C.F.R. § 15.3(a) (2002);  *Haddon v. United States*, 68 F.3d 1420, 1423 (D.C. Cir. 1995).  The certification is conclusive for purposes of removal; however, the substitution and conversion consequences are subject to judicial review.  That is, they are contingent on whether the court finds that the original defendant acted within the scope of his or her employment.  *See Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434 (1995) (stating that "[t]he Attorney General's certification that a federal employee was acting within the scope of his or her employment . . . does not conclusively

4

establish as correct the substitution of the United States as defendant in place of the employee");

*Haddon*, 68 F.3d at 1423 (noting that "the federal court may independently determine whether

the employee acted within the scope of employment and, therefore, whether to substitute the

federal government as the proper defendant").

To determine whether a federal employee was acting within the scope of his or her

employment, a federal court must apply the law of the state where the tortious act occurred.

*Tarpeh-Doe v. United States*, 28 F.3d 120, 123 (D.C. Cir. 1994); *Garber v. United States*, 578

F.2d 414, 415 (D.C. Cir. 1978).  The law of the District of Columbia, which is where the alleged

tortious acts occurred, is drawn from the Restatement (Second) of Agency (the "Restatement"),

section 228.  *Haddon*, 68 F.3d at 1423.  The Restatement provides:

> [c]onduct of a servant is within the scope of employment if, but only if: (1) it is of
> the kind he is employed to perform; (2) it occurs substantially within the authorized
> time and space limits; (3) it is actuated, at least in part, by a purpose to serve the
> master; and (4) if force is intentionally used by the servant against another, the use
> of force is not unexpected by the master.

Restatement (Second) of Agency § 228.  When the Court reviews the validity of a certification

filed by the Attorney General or his or her designee, the certification is entitled to "prima facie

effect" that the defendants acted within the scope of their employment.  *Kimbro v. Velten*, 30

F.3d at 1509 (D.C. Cir. 1994) (internal citations omitted).  The burden then shifts to the plaintiff

to prove by a preponderance of the evidence that the defendants acted outside the scope of their

employment.  *Id.* at 1509; *Schneider v. Kissinger*, 310 F. Supp. 2d 251, 264 (D.D.C. 2004).

    **C.**    **Nguyen and Chute Were Acting Within the Scope of Their Employment
When They Allegedly Made Defamatory Statements**

The defendants' Westfall certification establishes a presumption that Nguyen and Chute

are immune from liability because they were acting within the scope of their employment when the allegedly tortious conduct occurred. *See Kimbro*, 30 F.3d at 1509; *Schneider v. Kissinger*, 310 F. Supp. 2d 251, 264 (D.D.C. 2004). Accordingly, the plaintiff now has the burden of rebutting this presumption by proving by a preponderance of the evidence that the defendants acted outside the scope of their employment. *Kimbro*, 30 F.3d at 1509.

Precedent compels this court to interpret a broad range of conduct as falling within the scope of employment under section 228 of the Restatement.[1] In *Lyon v. Carey*, for example, the defendant, a mattress deliveryman, had a dispute with the plaintiff over whether the plaintiff could pay for a mattress using a personal check. 533 F.2d 649 (D.C. Cir. 1976). The defendant's employer had instructed him only to accept payment in cash. *Id*. at 652. During the dispute, the defendant followed the plaintiff to her bedroom and raped and beat her. *Id*. at 651-652. The court found that this conduct was within the scope of the defendant's employment. *Id*. at 651. It explained, "deliverymen, endeavoring to serve their masters, are likely to be in situations of friction with customers, and . . . these foreseeable altercations may precipitate violence . . . even though the particular type of violence was not in itself anticipated or foreseeable." *Id*.

Similarly, in *Johnson v. Weinberg*, the defendant, a laundromat employee, entered into a dispute with the plaintiff, a laundromat patron, when the plaintiff accused the defendant of stealing his clothing when removing it from the washing machine as his job required. 434 A.2d 404, 406 (D.C. 1981). As a result of this dispute, the defendant shot the plaintiff. *Id*. The court

---

[1]    Because federal courts must apply the law of the state in which the incident giving rise to the claim occurred, this court is bound by the law of the District of Columbia in addressing the scope of employment question. *Tarpeh-Doe v. United States*, 28 F.3d 120, 123 (D.C. Cir. 1994); *Garber v. United States*, 578 F.2d 414, 415 (D.C. Cir. 1978).

ruled that the defendant was acting within the scope of his employment at the time the incident

occurred.  *Id*. at 408-09.

*Lyon* and *Johnson* "mark the outer limits of scope of employment."  *Haddon*, 68 F.3d at

1425 (citing *Boykin v. Dist. of Columbia*, 484 A.2d 560, 563 (D.C. 1984)).  Given the expansive

definition of scope of employment that the *Lyon* and *Johnson* courts articulate, this court

determines that the facts of the instant case fall well within the bounds of the scope of

employment inquiry.  The defendants' alleged conduct arose directly out of a work-related

dispute and was of the kind that the defendants were employed to perform, satisfying section

228(a) of the Restatement.  Chute's role in the grievance process was to represent Nguyen in his

sexual harassment complaint, Not. of Removal ¶ 4, and all of the conduct giving rise to Nguyen's

grievance against Greene occurred at work.  Grievance at 1-2.

The plaintiff contends that "the statements made by Defendants are not the direct

outgrowth of any job related instruction or job assignment[.]"  Pl.'s Opp'n at 3.  He further

contends that "Defendants [sic] conduct was self-serving with the sole purpose of discrediting

Plaintiff at his place of employment."  *Id*. at 4.  As the court determined in *Schneider v.

Kissinger*, however, "the plaintiff's theory that [the alleged conduct] falls outside the scope of a

federal official's employment misconstrues 'the scope' of this term."  310 F. Supp. 2d at 265.

Only when the conduct in question bears an extremely attenuated relation to the defendant's job

duties have courts found that the conduct was not of the kind that the defendant was employed to

perform.  *See Haddon*, 68 F.3d at 1422 (applying District of Columbia law, the D.C. Circuit

determined "the alleged tort completely unrelated to the [defendant's] official duties and

therefore outside the scope of his employment"); *Boykin*, 484 A.2d at 564 (concluding that

7

because "there is no suggestion here . . . that the employee's conduct was the outgrowth of any action undertaken in the employer's behalf" and "was utterly without relation to the service which he was employed to render[,]" the defendant was acting outside the scope of is employment) (citation and internal quotation marks omitted); *Penn Cent. Transp. Co. v. Reddick*, 398 A.2d 27, 29-30, 31 (D.C. 1979) (determining that the defendant's attack on a taxi driver while the defendant traveled, off duty, from a job assignment to his place of employment, marked a "departure from his master's business . . . of such a marked and decided character" as to break the master-servant relationship) (citations omitted).

    Given the expansive definition of conduct that falls within the scope of employment, the plaintiff fails to meet his burden of demonstrating that the defendants' actions were not of the kind that the defendants were employed to perform, as required by section 228(a) of the Restatement, or that the alleged conduct was not actuated to any degree by a purpose to serve the master, as required by section 228(c) of the Restatement.  Moreover, because the plaintiff fails to allege that the defendants' conduct did not occur at the workplace or during work hours, his position is undercut by section 228(b) of the Restatement, which establishes that conduct that "occurs substantially within the authorized time and space limits" may give rise to a determination that the conduct falls within the scope of employment.  RESTATEMENT (SECOND) OF AGENCY § 228(b).

    One point remains to be addressed.  Instead of filing a motion to dismiss the individual defendants and substitute the United States in their place, the defendants presumptively and prematurely identified the United States as the sole party defendant in their motion to dismiss.  Defs.' Mot. at 1.  Whereas Federal Rule of Civil Procedure 25(d) allows for the automatic

8

substitution of parties – that is, substitution of parties without the need to request permission

from the court[2] – parties requesting substitution under the Westfall Act are required to make a

motion to the court.  28 U.S.C. § 2679.  A party may not proceed on the presumption that the

United States may be substituted in the individual defendants' place until the court rules on such

a motion.  Further, a party's pleadings may be stricken from the record if proper procedure is not

followed.  FED. R. CIV. P. 12(f).  The court, however, will not strike the motion to dismiss

because such action would cause delay and compromise judicial efficiency.  Therefore, the court

itself substitutes the United States in the place of the individual defendants.

### D.    Legal Standard for Sovereign Immunity Under the FTCA

The FTCA "grants federal district courts jurisdiction over claims arising from certain

torts committed by federal employees in the scope of their employment, and waives the

government's sovereign immunity from such claims."  *Sloan v. Dep't of Hous. & Urban Dev.*,

236 F.3d 756, 759 (D.C. Cir. 2001) (citing 28 U.S.C. §§ 1346(b) & 2674).  To protect the

government from liability "that would seriously handicap efficient government operations," the

waiver of sovereign immunity is subject to several exceptions.  *Beins v. United States*, 695 F.2d

591, 611 (D.C. Cir. 1982) (internal quotations omitted); 28 U.S.C. § 2680.  If any one of the

exceptions applies, the district court lacks subject matter jurisdiction.  28 U.S.C. § 2680; *Sloan*,

236 F.3d at 759.

One exception to the FTCA's sovereign immunity waiver is the intentional-torts

---

[2]     *See* Fed. R. Civ. P. 25(d) (stating that "[w]hen a public officer is a party to an action in an official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party").  The automatic substitution procedure of Rule 25(d) does not apply to the present action.

exception, which provides that the United States retains sovereign immunity for any "claim[s] arising out of assault, battery, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit or interference with contract rights."  28 U.S.C. § 2680(h).  Given its "sweeping language," the exception excludes claims that sound in negligence but "aris[e] out of" an intentional tort.  *Kugel v. United States*, 947 F.2d 1504, 1507 (D.C. Cir. 1991) (quoting *United States v. Shearer*, 473 U.S. 52, 55 (1985)).

To assure itself of subject matter jurisdiction, the court must determine the basis for a plaintiff's FTCA claims, keeping in mind that "[a] litigant cannot circumvent the [FTCA] by the simple expedient of drafting in terms of negligence a complaint that in reality is a claim as to which the United States remains immunized."  *Id.*, 753 F.2d at 1160 n.16 (quoting *Johnson v. United States*, 547 F.2d 688, 691-92 (D.C. Cir. 1976)).  Toward that end, the court "must review the complaint to determine what actions allegedly caused the injuries."  *Cope v. Scott*, 45 F.3d 445, 448 (D.C. Cir. 1995) (applying the discretionary-function exception); *see also Kugel*, 947 F.2d at 1507 (noting in applying the intentional-tort exception that the court "must scrutinize the alleged cause of [an FTCA plaintiff's] injury").  Although the court must accept the plaintiff's version of the facts as true, the court need not accept "the plaintiff's *characterization* of the facts."  *Fisher Bros. Sales, Inc. v. United States*, 46 F.3d 279, 286 (3d Cir. 1995) (emphasis in original); *see also Gen. Dynamics Corp. v. United States*, 139 F.3d 1280, 1283 (9th Cir. 1998) (citing *Fisher Bros.* with approval).

### E.    The United States Is Immune From This Suit

Among the claims excepted from the FTCA's waiver of sovereign immunity are claims of arising out of libel or slander, 28 U.S.C. § 2680(h), including defamation claims, *Gardner v.*

10

*United States*, 213 F.3d 735, 738 n.1 (D.C. Cir. 2000).  Accordingly, the plaintiff's defamation

claim is barred.  Because the plaintiff's false light invasion of privacy claim arose out of the

conduct on which the defamation claim is based – specifically, statements regarding the

plaintiff's sexual behavior that Nguyen and Chute allegedly made during Nguyen's grievance

against the plaintiff claiming sexual harassment, *see generally* Compl. – that claim is barred as

well, *Koch v. United States*, 209 F. Supp. 2d 89, 94-95 (D.D.C. 2002) (holding that "if a plaintiff

bases a claim on conduct that does not constitute a claim 'arising out of' a tort specified in §

2680(h), then the plaintiff's suit is not barred") (quoting *Truman v. United States*, 26 F.3d 592,

594 (5th Cir. 1994).  Because the United States is immune from the plaintiff's claims, the court

lacks subject matter jurisdiction.  Accordingly, the court grants the defendant's motion to

dismiss.


## IV.   CONCLUSION

For all the foregoing reasons, the court grants the defendants' motion to dismiss.  An

order consistent with this Memorandum Opinion is separately and contemporaneously issued this

7th day of September 2005.

RICARDO M. URBINA
United States District Judge

11